# United States District Court
## for the
## Southern District of New York
### Manhattan Division

RECEIVED
SDNY PRO SE OFFICE
2024 NOV -6 PM 2:42

Donte McClellon
Plaintiff,

v.

Lemonade Insurance Company
and Lemonade Insurance
Agency LLC
Defendants.

Case No. _____
(to be filled in by the Clerk's Office)

Civil Complaint

Jury Trial Demanded

Double-sided Filing

## Statement of Claim

Plaintiff Donte McClellon, proceeding pro se at this time, moves this Court and alleges that Defendants Lemonade Insurance Company and Lemonade Insurance Agency LLC, herein named collectively as "Lemonade" breached an existing insurance contract insuring my property and caused significant damage to Plaintiff. Plaintiff alleges the following causes of action against Lemonade: (1) breach of contract; (2) breach of implied covenant of good faith; (3) Unfair claims handling practices; (4) fraud and misrepresentation; (5) violation of GBL §349; (6) violation of the Pledge; (7) invasion of privacy; (8) violation of New York Consumer Protection Act ("NYCPA"); (9) Forgery; (10) Identity Theft; (11) Oppression; and (12) malice. Plaintiff is a citizen of the State of New York and Defendants "Lemonade" has its principal place of business and are incorporated under the laws of the State of New York. This Court has jurisdiction over this case. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)). Accordingly, this Complaint meets that standard. Discovery and evidence in this case will reveal as alleged that Defendants "Lemonade" engaged in blatant and conscious wrongdoing in breach of its contract where it collected a treasure trove of biometric information in violation of its Pledge and participated in various unfair and illegal claims handling practices, which includes but is not limited to: fraud, forgery, misrepresentation, identity theft, defamation, privacy invasion, oppression, and malice. Defendants "Lemonade" released publicly and provided to the Government a Lemonade claims video of alleged Plaintiff in which the Government then used as evidence against Plaintiff for identifying purposes in order to successfully detain him and have his bond revoked at a Bond Revocation Evidentiary hearing held on 03/20/23 in U.S. District Court. This is a dangerous, illegal and grotesque precedent being orchestrated by Defendants "Lemonade". Employees at Lemonade acted with specific and targeted malice, mens rea, and knowledge to entrap and destroy Plaintiff by providing an alleged Lemonade claims video to the Government in order to

detain him and maliciously deny his good faith insurance claims. Plaintiff was in the midst of a contentious Lemonade claims handing process with lawyers involved and then Lemonade acted malicious by releasing, in breach of its contract, to the Government a claims video to get him detained and deny the active claim. Defendants' illegal conduct and breach of contract by deploying AI technology and storage of biometric data is being weaponized to lockup and detain innocent people such as Plaintiff, and in turn maliciously denying valid and good faith insurance claims which has caused significant damage to Plaintiff. Aside from the fact that any alleged evidence gathered from Defendants "Lemonade" stems from a breach of contract, violation of GBL §349, fruit-of-the-poisonous-tree doctrine, and runs a foul of its public Pledge. Plaintiff further seeks in addition to damages - Injunctive Relief. In this case, the Plaintiff alleges that Lemonades' unlawful storage and misuse of the Plaintiff's alleged data is ongoing. Moreover, the Plaintiff continues to be a party to an insurance contract with Lemonade, pursuant to which he is entitled to seek coverage, and if a Plaintiff seeks reimbursement under the contract in the future, the Plaintiff will be forced to submit another video to Lemonade, in which case Lemonade will again allegedly extract and analyze the Plaintiff's biometric data. This is sufficient to plead both ongoing and future harm for injunctive relief. See, e.g. Walker v. Azar, No. 20-CV-2834, 480 F. Supp. 3d 417, 2020 WL 4749859 (E.D.N.Y. 2020). Plaintiff also brings a claim under GBL §349, which creates a private right of action for "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in" New York state. Plaintiff alleges that Lemonade - made a representation — that was likely to mislead a reasonable consumer. Lemonade's statement that it did not use biometric data could mislead a reasonable consumer into believing that Lemonade did not collect, store, or analyze information like face geometry, voice print, and non-verbal cues. See, e.g., Wallace v. Health Quest Sys., No. 20-cv-545, 2021 U.S. Dist. Lexis 54557, 2021 WL1109727, at *15 (S.D.N.Y. March 23, 2021). GBL §349 claim can co-exist with breach of contract claims. In Nick's Garage, Inc. v. Progressive Casualty Insurance Co., 875 F. 3d 107 (2d Cir. 2017), the Court of Appeals for the Second Circuit allowed a §349 claim to proceed alongside a breach of contract claim. Circuit Court of Appeals concluded that breach of contract and GBL claims could both proceed. See also Milligan v. GEICO Gen. Ins. Co., No. 20-3726, 2022 U.S. App. Lexis 3922, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022). Plaintiff here alleges an overpayment for Lemonade's Insurance policies. This case is governed by Nick's Garage. In Plaintiff's claim for violation of §349, the Plaintiff specifically allege not only overpayment for the policies, but also "harm to this privacy and dignitary rights as a result of Defendants' unauthorized collection of his alleged biometric data without consent and subsequently and maliciously provided the Government to get Plaintiff detained without bond and deny his good faith insurance claims with Lemonade. The unsettled insurance claims referenced here relate to Plaintiff's stolen travel Luggage and its respective contents at the Seattle Airport in 2022, police reported and theft of his property in the New York apartment. The Plaintiffs purchased an insurance policy that did not require them to relinquish their biometric data and received an insurance policy that did require them to do so. As alleged in this case. This constitutes an allegation that the defendants "denied [Plaintiffs] the services for which [plaintiffs] contracted." See Nick's Garage, 875 F. 3d at 125. Accordingly, as in Nick's Garage, the Plaintiffs have alleged both overpayment and injury over the course of the contract, and their GBL §349 claims may therefore co-exist with their breach of contract claims. Applying §349 to Lemonades' representations about biometric information is consistent with New York Law. Accordingly, Plaintiff is demanding a Jury Trial and seeks respectfully compensatory damages, all other damages (i.e., direct and consequential damages), treble damages under the New York Consumer Protection Act, Punitive damages due to malice, an award of Plaintiff's attorney fees and costs related to this action, Injunctive Relief, and an order requiring Defendants to both make Plaintiff whole by the amount of the unsettled good faith insurance claims of $120,000.00 with prejudgment interest allowed by the law and any other relief the Court finds just. Respectfully Submitted,

/s/ ⎯⎯⎯⎯⎯
Donte McClellon
Pro se Plaintiff

Date: October 28th, 2024

2 of 2



Donte McClellan, Reg. #06316-510
P.O. Box 1000
Otisville, NY 10963

Legal Mail
Court Filing

2024 NOV -5 PM 2:47
RECEIVED
NY PRO SE OFFICE

WESTCHESTER NY 105
1 NOV 2024 PM 4

U.S. District Court
Attn: Clerk of Court
500 Pearl St.
New York, NY 10007

10007-131508