UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

               Plaintiff,

-against-

LEMONADE INSURANCE COMPANY;
LEMONADE INSURANCE AGENCY LLC,

               Defendants.

1:24-CV-8617 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Donte McClellon, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), commenced this action while he was incarcerated in the Federal Correctional Institution in Otisville, New York. He is currently incarcerated in the Federal Correctional Institution (Lompoc I) in Lompoc, California. In this action, Plaintiff has filed a "motion for service" (ECF 5), a "motion to appoint counsel" (ECF 5), and an application for the court to request *pro bono* counsel (ECF 10). For the reasons set forth below, the Court denies all of these requests.

## DISCUSSION

### A.    Motion for service

    The Court must deny Plaintiff's motion for service. This action is being reviewed pursuant to the requirements laid out in the IFP statute, 28 U.S.C. § 1915, that all IFP civil actions must be reviewed under before any summonses are issued. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "Thus, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief." *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 5, 2025) (citing § 1915(e)(2)(B)(i)-(iii)). Accordingly, "it would be premature

to order service" before the Court fulfills its statutory obligations. *Id*. The Court therefore denies Plaintiff's motion for service. (ECF 5.)

**B.    Motions seeking *pro bono* counsel**

The Court understands both Plaintiff's motion to appoint counsel and his application for the court to request *pro bono* counsel as seeking *pro bono* counsel to represent Plaintiff in this action. The Court must deny these requests. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

It is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. The Court therefore denies Plaintiff's motion to appoint counsel (ECF 5) and application for the court to request *pro bono* counsel (ECF 10) without prejudice to Plaintiff's filing another application for the court to request *pro bono* counsel should this action proceed following the abovementioned statutory review.

**CONCLUSION**

The Court denies Plaintiff's "motion for service" (ECF 4), "motion to appoint counsel" (ECF 5), and application for the court to request *pro bono* counsel (ECF 10). The Court directs the Clerk of Court to terminate ECF 4, 5, and 10. The Court denies Plaintiff's latter two requests

without prejudice to Plaintiff's filing another application for the court request *pro bono* counsel should this action proceed following the abovementioned statutory review.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 11, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge