UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

                         Plaintiff,

         -against-

LEMONADE, INC., etc.,

                         Defendants.

1:24-CV-8617 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

        Plaintiff Donte McClellon, a federal prisoner who appears to be currently held in a

"halfway house" in Seattle, Washington, brings this action *pro se*.[1]  He invokes both the court's

federal question and diversity jurisdictions, and he seeks declaratory and injunctive relief as well

as damages.  Plaintiff sues: (1) Lemonade, Inc., a Delaware corporation with its principal place

of business in New York, New York; (2) Lemonade Insurance Company ("LIC"), "an insurance

company organized under the laws of the State of New York, with its principal place of business"

in New York, New York; (3) Lemonade Insurance Agency, LLC ("LIA"), "a limited liability

company with its principal place of business" in New York, New York; and (4) unidentified

"John Doe and Jane Doe 1-10," who are "employees, officers, agents, or contractors of [the

abovementioned defendants and] . . . who participated in the claims handling, data practices, and

disclosures alleged herein."[2]  (ECF No. 19 at 6.)

---

[1] Plaintiff initiated this action while incarcerated in the Federal Correctional Institution in
Otisville, New York.  His amended complaint (ECF No. 19) is the operative pleading for this
action.

[2] The Court refers to Lemonade, Inc., LIC, and LIA collectively as "the Lemonade
defendants."

Plaintiff has filed a "motion to appoint counsel" (ECF No. 20), a "motion for service of the summons and amended complaint" (ECF No. 21), and an application for the court to request *pro bono* counsel (ECF No. 22), which are all pending.[3]

By order dated February 20, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[4]

The Court directs service on the Lemonade defendants. For the reasons discussed below, the Court denies Plaintiff's "motion for service of the summons and amended complaint" (ECF No. 21) as unnecessary, and denies Plaintiff's "motion to appoint counsel" (ECF No. 20) and his application for the court to request *pro bono* counsel (ECF No. 22) without prejudice to Plaintiff's filing another such application at a later stage of this litigation.

## DISCUSSION

### A.    Service on the Lemonade defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service on the identified defendants, that is, the Lemonade defendants.[5] *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[3] Plaintiff has labeled each of these submissions as "filed under seal," but he has made no request to seal them. As they have been publicly available since their filing, and as there is no reason to seal them, the Court does not order these submissions sealed.

[4] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[5] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on the Lemonade defendants until the Court reviewed the amended complaint and ordered that summonses for the Lemonade defendants be issued. The Court therefore extends the time to serve the Lemonade defendants until 90 days after the date that summonses for the Lemonade defendants are issued.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Lemonade defendants, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 forms") for each of the Lemonade defendants. The Clerk of Court is further instructed to issue summonses for the Lemonade defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the amended complaint on each of the Lemonade defendants.

If a summons and the amended complaint are not served on each of the Lemonade defendants within 90 days after the date that summonses for the Lemonade defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his mailing address and/or email address changes, and the Court may dismiss this action if he fails to do so.

Accordingly, the Court denies Plaintiff's "motion for service of the summons and amended complaint" (ECF No. 21) as unnecessary.

## B.    Plaintiff's remaining motions

The Court must dismiss Plaintiff's "motion to appoint counsel" (ECF No. 20) and his application for the appointment of *pro bono* counsel (ECF No 22). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Furthermore, even if a court does believe that a

litigant should have a *pro bono* lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in this litigation to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action, the Court denies Plaintiff's "motion to appoint counsel" (ECF No. 20) and his application for the appointment of *pro bono* counsel (ECF No. 22) without prejudice to his filing another such application at a later date in this litigation.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Lemonade, Inc., Lemonade Insurance Company, and Lemonade Insurance Agency, LLC; (2) complete a USM-285 form for each of these defendants; and (3) deliver all documents necessary to effect service of a summons and the amended complaint (ECF 19) on each of these defendants to the United States Marshals Service.

The Court denies Plaintiff's "motion for service of the summons and amended complaint" (ECF No. 21) as unnecessary. The Court also denies Plaintiff's "motion to appoint counsel" (ECF No. 20) and his application for the court to request *pro bono* counsel (ECF No. 22) without prejudice to Plaintiff's filing another such application at a later date in this litigation. The Court, thus, directs the Clerk of Court to terminate ECF 20, 21, and 22.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 11, 2026
          New York, New York

J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   Lemonade, Inc.
     5 Crosby Street
     Third Floor
     New York, New York 10013

2.   Lemonade Insurance Company
     5 Crosby Street
     Third Floor
     New York, New York 10013

3.   Lemonade Insurance Agency, LLC
     5 Crosby Street
     Third Floor
     New York, New York 10013