UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,
Plaintiff,

-v-

LEMONADE INSURANCE COMPANY, *et al.*,
Defendants.

24-CV-8617 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Dante McClellon, proceeding *pro se* and *in forma pauperis*, brings this action against Defendants Lemonade, Inc. ("LI"), Lemonade Insurance Company ("LIC"), and Lemonade Insurance Agency, LLC ("LIA"), and certain unidentified employees (collectively, "Defendants"), asserting state-law claims under the New York General Business Law, N.Y. Gen. Bus. Law § 349, as well as common-law claims for, *inter alia*, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, misrepresentation, invasion of privacy, entrapment, negligence, and retaliation. (*See generally* ECF No. 19.) Now before the Court is Defendants' motion to dismiss McClellon's amended complaint for lack of subject matter jurisdiction. (*See* ECF No. 26.)

## I. Background

The following factual allegations are taken from the amended complaint and are presumed true at the motion to dismiss stage. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

McClellon alleges that he had an active insurance policy with Defendants that insured his personal property. (ECF No. 19 ("AC") at 5.) However, Defendants did not reimburse McClellon for his losses arising "from the theft of Plaintiff's travel luggage and personal

property during interstate travel in 2022, as well as the loss and theft of insured personal property owned by Plaintiff and associated with his New York apartment." (*Id.* at 4.) McClellon's lost property allegedly subject to Defendants' insurance policy consists of "[p]rofessional clothing and footwear," "[p]ersonal electronics and accessories," "[b]usiness and professional materials," "[p]ersonal items accumulated over years of interstate residence and travel," and "[o]ther insured contents customarily covered under a personal property insurance policy." (*Id.* at 5.)

Additionally, McClellon alleges that Defendants "made a representation" that they "did not use biometric [data]." (*Id.* at 4.) Nevertheless, Defendants "collected a treasure trove of biometric information in direct violation of its own Pledge and participated in various unfair and illegal claims handling practices." (*Id.* at 2.) Defendants then "provided to the Government in a pending criminal matter . . . a Lemonade claims video of alleged Plaintiff," "which the Government then used as evidence against Plaintiff" in a bond revocation hearing. (*Id.* at 3.)

McClellon filed his original complaint on November 6, 2024. (ECF No. 1.) At the time of filing, McClellon was incarcerated at Otisville Correctional Facility in Otisville, New York. (*See id.* at 3; *see also* ECF No. 8.) On October 3, 2025, McClellon filed a letter "amending the *pro se* complaint" to state, *inter alia*, that "McClellon alleges that his pre-incarceration domicile for diversity purposes is Washington State." (ECF No. 15 at 1.) On November 25, 2025, the Court *sua sponte* dismissed the action for lack of subject matter jurisdiction with leave to replead. (*See generally* ECF No. 17.) Specifically, the Court found the original complaint did not sufficiently plead diversity jurisdiction, because (1) "Plaintiff states facts that would indicate that he and at least LIC are both citizens of the State of New York," such that complete diversity would not exist; (2) "even if Plaintiff is a citizen of the State of Washington . . . Plaintiff does not indicate the citizenships of each of the members of LIA, which Plaintiff alleges is an LLC"; and

(3) "Plaintiff has not alleged any non-conclusory facts showing that his claims under state law satisfy the jurisdictional amount in controversy." (*Id.* at 8.)

On December 24, 2025, McClellon filed an amended complaint. (AC.) Defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction on June 2, 2026. (ECF No. 26. ("Mot.").) McClellon filed his opposition to Defendant's motion on October 26, 2026 (ECF No. 38 ("Opp.")), and Defendants filed a reply in support of their motion on October 28, 2026 (ECF No. 39 ("Reply")).

## II. Legal Standard

A case must be dismissed under Rule 12(b)(1) of the Federal Rule of Civil Procedure for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). While the Court construes all factual ambiguities and draws all inferences in the non-movant's favor, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Additionally, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). In light of this obligation, the Court will consider factual allegations included in McClellon's "additional materials, such as his opposition memorandum." *Johnson v. Rockland Cnty. BOCES*, No. 21-CV-3375, 2022 WL 4538452, at *1 n.3 (S.D.N.Y. Sep. 28, 2022); *see also Nielsen v. Rabin*, 746 F.3d 58, 64 (2d Cir. 2014) (reversing dismissal of a pro se plaintiff's complaint where the allegations in his "complaint and his opposition brief . . . plausibly allege" a claim).

## III. Discussion

Defendants premise their motion to dismiss on the Court's lack of subject matter jurisdiction over this matter. Defendants principally argue that diversity jurisdiction remains defective for the reasons identified in the Court's prior order.[1] (*See generally* Mot.)

Under 28 U.S.C. § 1332(a), this Court has jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000," and, as relevant here, the parties are "citizens of different States." The Court takes each of these requirements in turn.

### A. Amount in Controversy

First, Defendants contend that the amended complaint fails to remedy the original complaint's failure to allege non-conclusory facts regarding the satisfaction of the amount-in-controversy requirement. (*See* Mot. at 9.) The Court disagrees.

As the Court previously explained (*see* ECF No. 17 at 7), the sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 296 (1938). "[C]ourts in the Second Circuit recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *HSCM Bermuda Fund Ltd. v. Newco Cap. Grp. VI LLC*, 619 F. Supp. 3d 434, 439 (S.D.N.Y. 2022) (quoting *Wolde-Meskel v. Vocational Instruction Proj. Cmty. Servs. Inc.*, 166 F.3d 59 63 (2d Cir. 1999)). To overcome this presumption, the party resisting jurisdiction "must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional

[1] Defendants also correctly argue—and McClellon does not dispute—that no federal question jurisdiction exists. (*See* Mot. at 10; Opp. at 18-19.) The Court need not dwell on this long: No federal question jurisdiction exists because the amended complaint raises no federal claims (*see generally* AC), and McClellon's state-law claims would not necessarily raise any disputed, substantial questions of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

threshold." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation marks omitted). However, "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible." *Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018). Thus, "[a] plaintiff seeking to invoke diversity jurisdiction cannot . . . meet its burden of proof with mere conclusory allegations of indirect or speculative value." *Treanor v. Paypal, Inc.*, No. 24-CV-9698, 2025 WL 844335, at *2 (S.D.N.Y. Mar. 13, 2025) (cleaned up).

The Court's prior order observed that the original complaint did not allege "any non-conclusory facts showing that his claims under state law satisfy the jurisdictional amount in controversy." (ECF No. 17 at 8.) The amended complaint has cured this defect with its specific allegations of loss. For example, the amended complaint alleges that McClellon's luggage contained—and therefore McClellon's breach of contract claim seeks to recover—clothing, footwear, electronics, accessories, professional materials, among other personal items. (*See* AC at 5.) And the amended complaint alleges that Defendants' misrepresentations as to its policy on biometric data collection misled reasonable customers like McClellon into overpaying for Defendants' insurance. (*Id.* at 4.) These allegations provide the requisite factual support to render McClellon's amount in controversy non-conclusory. To the extent that Defendants cast doubt on whether these losses reach $75,000, Defendants do not satisfy their burden of demonstrating such insufficiency "to a legal certainty." *Scherer*, 347 F.3d at 397.

**B. Diversity Jurisdiction**

An individual is a citizen of the state in which they are domiciled. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). With respect to prisoners, "[i]t is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile." *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL

21787351, at *2 (S.D.N.Y. Aug. 4, 2003). Rather, "there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile." *Liverpool v. City of New York*, No. 20-CV-4629, 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020). Conversely, a corporation is a citizen of the state of its principal place of business and the state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1). A limited liability company ("LLC") "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

First, McClellon sufficiently alleges the citizenships of Defendants. LI and LIC are corporations and are therefore citizens of the states of their principal places of business and states of incorporation. *See* 28 U.S.C. § 1332(c)(1). LI is a citizen of Delaware and New York because it is incorporated in Delaware and has its principal place of business in New York, and LIC is a New York citizen because its place of incorporation and principal place business are in New York. (*See* AC at 6.) As to LIA, the allegations in McClellon's opposition are sufficient to plead its citizenship. *See Johnson*, 2022 WL 4538452, at *1 n.3 ("[T]he Court's mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's additional materials, such as his opposition memorandum." (cleaned up)). The opposition cites a government report that identifies that LIA is wholly owned by LIC. (*See* Opp. at 10.) *See also* N.Y. DEP'T OF FIN. SERVS., REPORT ON EXAMINATION OF LEMONADE INSURANCE CO., https://www.dfs.ny.gov/system/files/documents/2024/06/16023f22.pdf [https://perma.cc/L6EU-PTAR]. Because LLCs take the citizenship of their members, and LIC is LIA's sole member, LIA is a citizen of the same state as LIC: New York. *See Gull Keys I LLC v. Fulton Advisory Beef Fund I, LLC*, No. 23-CV-9058, 2025 WL 2510608, at *3 n.4 (S.D.N.Y. Sep. 2, 2025) (recognizing LLC wholly owned by corporation shares citizenship of parent corporation).

But McClellon's allegations as to his own citizenship are insufficient for diversity purposes.[2] A complaint may not simply declare that a party is a domiciliary and a citizen of a state, as citizenship and domicile are legal conclusions insufficient to plead diversity jurisdiction without factual support. *See Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 184 (E.D.N.Y. 2022) ("An allegation of 'citizenship' is not a 'fact.' It is a legal conclusion built upon another legal conclusion, domicile."); *Wilmington Sav. Fund Soc'y, FSB v. Fernandez*, 712 F. Supp. 3d 324, 332 (E.D.N.Y. 2024) ("Allegations that a party is a citizen of a particular state are conclusory and don't establish domicile." (cleaned up)); *see also Bailon v. Pollen Presents*, No. 22-CV-6054, 2023 WL 5956141, at *11 (S.D.N.Y. Sep. 13, 2023) (maintaining that "[a] party invoking diversity jurisdiction must allege in its pleading the facts essential to show jurisdiction" even where party proceeds *pro se* (cleaned up)). Rather, the complaint must allege facts "that show the party's true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Kenshoo*, 586 F. Supp. 3d at 184 (quotation marks omitted).

The amended complaint alleges that McClellon is "a citizen and domiciliary of the State of Washington," and his domicile "has remained Washington at all relevant times," but fails to provide the requisite factual allegations to support said Washington domicile. (AC at 5.) The

[2] Defendants seem to argue that the fact that domicile is determined when the action is filed under the "time-of-filing rule," *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004), precludes McClellon from amending his allegations of citizenship in subsequent complaints. (*See* Reply at 1-2.) The Court disagrees. "[A]n amended complaint supersedes a prior complaint and the allegations in plaintiff's prior complaint cannot be used to dismiss the plaintiff's amended complaint." *FritzCo LLC v. Verizon Commc'ns Inc.*, No. 21-CV-10432, 2026 WL 734776, at *6 (S.D.N.Y. Mar. 16, 2026) (cleaned up). That the defective allegations amended in the amended complaint relate to diversity jurisdiction changes nothing. *See, e.g.*, 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended."). Thus, the allegations in the amended complaint that McClellon is a Washington citizen and domiciliary—conclusory as they may be—properly govern the Court's analysis.

amended complaint does not, for example, allege McClellon's Washington "voting registration, employment, current residence, location of real and personal property, location of spouse and family, driver's license, automobile registration, tax payment and addresses, [or] location of a person's bank account and physician." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013). Indeed, the only factual allegation in the amended complaint potentially relevant to the domicile inquiry—his New York apartment—sits in some tension with his alleged Washington domicile. (*See* AC at 4-5.) In any event, McClellon furnishes only legal conclusions, rather than factual allegations, in support of his claim that he is a Washington domiciliary. That dearth of factual support is fatal to his invocation of diversity jurisdiction.

Because the amended complaint fails to provide any non-conclusory, non-legal allegations in support of McClellon's alleged Washington domicile, the Court dismisses this action for lack of subject matter jurisdiction.

### C. Leave to Amend

The Court has twice dismissed McClellon's complaint for defective allegations as to diversity jurisdiction. (*See* ECF No. 17.) Nevertheless, because McClellon proceeds *pro se* and could make factual allegations to support his claim that he is a Washington domiciliary and citizen, the Court concludes that amendment would not necessarily be futile and therefore grants leave to amend. *See Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022) ("In general, a court should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.").

If he can do so in good faith, McClellon shall file a second amended complaint that provides specific factual allegations supporting his Washington domicile within thirty days of the date of this Memorandum and Order. If McClellon does not file an amended complaint within

the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the action for lack of subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the amended complaint is GRANTED. However, the Court grants McClellon thirty days' leave to replead his claims in a second amended complaint in which he alleges facts sufficient to show that the court has diversity jurisdiction to consider his claims under state law. If McClellon does not file a second amended complaint within the allotted time, the Court will direct the Clerk of Court to dismiss the action for lack of subject matter jurisdiction.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. Thus, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motion at ECF No. 26.

The Clerk of Court is respectfully directed to mail a copy of this order to any self-represented party who has not consented to e-service or e-filing.

SO ORDERED.

Dated: November 10, 2026
New York, New York

J. PAUL OETKEN
United States District Judge